HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANE ROE,

    Plaintiff,

  v.

TELETECH CUSTOMER CARE
MANAGEMENT (COLORADO), LLC,

    Defendant.

NO.  C07-5149 RBL

ORDER GRANTING REMAND

## INTRODUCTION

This matter comes before the Court on Plaintiff Jane Roe's Motion to Remand [Dkt. # 10].  The court has considered the Motion (including Declarations) [Dkt. #s 10-12], as well as Defendant TeleTech Customer Care Management (Colorado), LLC's Response (including Declarations and exhibits) [Dkt. #s 13-15], Jane Roe's Reply (including the Declarations) [Dkt. # 16-17], and the file herein.

TeleTech removed the action on March 27, 2007, asserting diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff Jane Roe (pseudonym) seeks a ruling as a matter of law that the Court lacks subject matter jurisdiction, arguing that although the parties are diverse, the amount in controversy does not exceed the threshold of $75,000 required by 28 U.S.C. § 1332(a).  For the reasons explained below, the Court GRANTS this motion.

# BACKGROUND

Ms. Roe was employed for TeleTech Customer Care Management (Colorado), LLC, in Bremerton, WA. She was hired as a Customer Service Consultant on October 3, 2006. Ms. Roe informed TeleTech that she was a licensed user of medical marijuana in accordance with the Washington Medical Marijuana Act, RCW 69A.51.010. Teletech required Ms. Roe to take a drug test on October 5, 2006, which came back positive for marijuana.

Ms. Roe began her employment at TeleTech on Tuesday, October 10, 2006. On Wednesday, October 18, 2006, she was informed of TeleTech's decision to terminate her employment on account of the October 5, 2006 drug test. Ms. Roe was paid $9.00 per hour for the eight days of her short-lived tenure; she had planned to continue on at TeleTech for approximately two years.

\*\*\*

Ms. Roe seeks remand to the Kitsap County Superior Court under 28 U.S.C. § 1447(c). She urges the Court to strictly construe the removal statue in favor of remand and to hold TeleTech to its burden of demonstrating that removal was proper. She argues that the Court does not have diversity jurisdiction under 28 U.S.C. § 1332(a) because TeleTech cannot satisfy the burden established by the Ninth Circuit in *Lowdermilk v. United States Bank Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) to prove to a "legal certainty" that the amount in controversy threshold of $75,000 is met.

TeleTech, however, argues that it *can* satisfy its burden to prove that the jurisdictional threshold is met. It claims that the "legal certainty" test does not apply, alleging that the present case, unlike *Lowdermilk*, is not a class action and that Ms. Roe's amount of controversy claim stated in the Amended Complaint [Attachment 1 to Dkt. #1, at 6-9] is ambiguous. Rather, TeleTech claims that it bears the burden to prove that the amount in controversy is met by a "preponderance of the evidence." TeleTech asks the Court to consider the principal amount of damages sought by the plaintiff ($45,125), plus the non-economic damages ($10,000), plus its estimation of the minimum amount of attorneys' fees that Ms. Roe

will incur in prosecuting the case ($30,000, supported by the Declarations of James Shore [Dkt. #15] in the form of an expert opinion). TeleTech argues that, by a preponderance of the evidence, Ms. Roe's amount in controversy exceeds $75,000.

In her Reply [Dkt. #16], although Ms. Roe insists that the "legal certainty" standard is required in the instance case, she argues that under either standard (legal certainty or preponderance of the evidence) TeleTech fails to prove that the amount in controversy exceeds $75,000. In support of her argument, Ms. Roe argues that her economic damages would not exceed $37.000 (her economic damages were $9,000 at the time of removal and any future lost earnings that she should win would be mitigated by income from her alternative employment). Additionally, Ms. Roe argues that compensatory damages pertaining to an emotional distress award will be quite modest and unlikely to exceed $8,000. Finally, Ms. Roe argues that her attorneys' fees were $7,685 at the time of removal and that she "will not need to spend anything close" to $30,000.

## DISCUSSION

### A. Burden of Proof

Any civil action brought in state court is removable if it might have been brought originally in federal court. 28 U.S.C. § 1441(a). 28 U.S.C. § 1332(a)(1) provides, in relevant part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." If the court determines that it is without subject matter jurisdiction at any time before the final judgment, the action shall be remanded to the state court. 28 U.S.C. § 1447(c).

Courts should "rigorously enforce" the legislature's animus to delimit federal jurisdiction in diversity cases. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Federal courts strictly construe their limited jurisdiction. *Lowdermilk v. United States Bank Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). There is a strong presumption against removal jurisdiction; federal jurisdiction "must

be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979)); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The defendant always bears the burden of establishing the propriety of removal. *Gaus*, 980 F.2d at 566; *Duncan*, 76 F.3d at 1485.

The parties disagree about the appropriate standard governing this burden. As "master of her complaint," a plaintiff in good faith may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court. *Lowdermilk*, 479 F.3d at 998-99. Where the plaintiff has alleged her facts and pled her damages in good faith the defendant must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction. *Id.* The 9th Circuit has discussed three different scenarios to help clarify what is required of a defendant to do so:

> First, when the plaintiff fails to plead a specific amount of damages, the defendant seeking removal "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." Second, if the complaint alleges damages in excess of the federal amount-in-controversy requirement, then the amount-in-controversy requirement is presumptively satisfied unless "it appears to a 'legal certainty' that the claim is actually for less than the jurisdictional minimum." Third, if the complaint alleges damages less than the jurisdictional amount, "more difficult problems are presented," for which we found "no binding precedent in this circuit" and as to which "we reach[ed] no resolution."

*Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir.2006) (per curiam) (internal citations omitted). The 9th Circuit clarified it's position on the third scenario in *Lowdermilk*,[1] holding that the Court has "reserved the preponderance of evidence standard for situations where a plaintiff 'seeks no specific amount in damages' and a court is forced to look beyond the complaint to determine whether the suit meets the jurisdictional requirements." *Lowdermilk*, 479 F.3d at 998 (quoting *Abrego Abrego*, 443 F.3d at 688). Therefore, in the third scenario, where it is "facially apparent" within the four corners of the complaint that the damages sought by the plaintiff are less than the jurisdictional amount, the "legal

---

[1] This clarification is not specific to class actions suits. *Lowdermilk*, 479 F.3d at 998-99.

certainty" burden is appropriate. *Id*. *See also* Schwarzer, Tashima, Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial § 2:486.7* (The Rutter Group 2007) ("Where plaintiff's state court complaint alleges damages less than $75,000, and defendant removes to federal court, defendant (party invoking federal jurisdiction) must prove 'to a legal certainty' (a heavy burden) that plaintiff will recover at least $75,000 if successful"). Plaintiff's Amended Complaint states: "The amount in controversy in this action, exclusive of interest and costs, does not exceed the sum of $75,000." [Attachment 1 to Dkt. #1, at 6-9]. The Court concludes, therefore, that it is this third scenario which is the subject of the dispute here and that TeleTech bears the burden to prove to a legal certainty that the amount in controversy exceeds $75,000.

**B. Amount in Controversy**

Ms. Roe seeks (1) lost wages and benefits; (2) compensatory damages; (3) prejudgment interest; (4) reinstatement or front pay; and (5) attorneys' fees, costs and expenses. Attachment 1 to Dkt. #1, at 9. Ms. Roe insists that both "the original and the amended complaints specifically states that the amount in controversy exclusive of *interest and costs* did not exceed $75,000." Pl.'s Mot. to Remand [Dkt. #10] at 2, (emphasis added). The Court concludes that "interest and costs" does not include attorneys' fees. Ms. Roe argues that her "present economic damages are about $9,000" and that, should the Court "include the value of reinstatement or a potential front-pay award, this [would] result[] in total possible economic damages of approximately $37,000." *Id.* at 4. Ms. Roe claims that "[n]o one can say with legal certainty what compensatory damages a jury will award in this or any other case." Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. to Remand [Dkt. #16] at 4. Plaintiff's counsel compares Ms. Roe's case to a similar case in which the jury awarded $8,000 in emotional distress damages, *id.*, and assures the Court that compensatory damages pertaining to an emotional distress award will be quite modest. Pl.'s Mot. to Remand [Dkt. #10] at 4. Taking the $8,000 as an estimate of compensatory damages, Ms. Roe's claims for total damages, both economic and compensatory, total $45,000.

Accordingly, the amount in controversy is, at a minimum, $45,000. Where a contract or statute mandates or authorizes an award of attorneys' fees, such fees may be included in the amount in controversy in determining whether the jurisdictional threshold of $75,000 is met. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Ms. Roe bases her claim for attorneys' fees on RCW 49.48.030. Pl.'s Mot. to Remand [Dkt. #10] at 6. TeleTech claims that plaintiff's counsel will spend at least 100 hours litigating the case for at least $300 per hour ($30,000 in attorneys' fees) based on defense counsel's experience in trying and defending similar labor and employment cases. Def.'s Opp. to Mot. to Remand [Dkt. #13] at 10; Decl. of James M. Shore in Supp. of Opp. to Mot. to Remand [Dkt. #16] at 2. Ms. Roe claims that the issue in this case (whether or not a Washington employer has legal authority to fire an employee for using medial marijuana) is a question of law that will be expeditiously resolved; she argues that TeleTech's assertion that plaintiff's counsel will spend 100 hours litigating the case (resulting in $30,000 of attorney's fee) is a gross exaggeration and entirely unfounded.

Furthermore, Ms. Roe insists that attorneys' fees are limited to those accrued at the time of removal, maintaining that future attorneys' fees are too speculative. At least one Ninth Circuit holding agrees. *See Faulkner v. Astro-Med, Inc.* No. C 99-2562 SI, 1999 WL 820198, *4 (N.D. Cal. Oct. 4, 1999) (holding that "the only [attorneys'] fees that can be considered are those incurred as of the date of removal"). Alternatively, TeleTech cites Ninth Circuit cases which include future attorneys' fees within the amount in controversy calculus. *E.g., Simmons v. PCR Tech.*, 209 F. Supp.2d 1029, 1035 (N.D. Cal. 2002) ("[T]he measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1011 at n. 4 (N.D. Cal. 2002) ("Along with the court in *Simmons v. PCR Technology*, the Court respectfully disagrees with the holding in *Faulkner v. Astro-Med, Inc.*, limiting includable fees to those accrued at the time of removal") (internal citations omitted). This court is not convinced by Ms. Roe's argument that a measurement of future attorneys' fees is necessarily "too speculative" to be included in the

ORDER
Page - 6

amount in controversy. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (Rejecting the removing defendant's estimate of the plaintiff's anticipated attorneys' fees as "too speculative" despite the defendant's explanation of the various tasks to be accomplished through the anticipated motion for summary judgment, the number of hours the plaintiff's attorney was likely to spend on discovery and motion practice, at the plaintiff's attorney's admitted hourly rate). All fees – indeed, most damages – are to some extent "speculative" at the time of removal; no defendant can predict with one hundred percent accuracy the manner in which the plaintiff will pursue his claim, and neither party can know exactly how the case will unfold. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 17 (9th Cir. 2004). Accordingly, it is the Court's view that a reasonable, informed estimation of fees, based on the various tasks to be accomplished by both sides, and the hourly rates of the attorneys who will conduct those tasks (including *future* attorneys' fees), properly comprise the evidence that can and should be considered in evaluating the amount in controversy for jurisdictional purposes. *See Conrad*, 994 F. Supp. at 1198.

The Court is faced with competing estimates for the amount in controversy, one which would confer jurisdiction, one which would not. Federal jurisdiction must be rejected if there is "any doubt" as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566. This Court bears some doubt: while TeleTech has demonstrated that attorneys' fees (both fees already incurred and future fees) *may* exceed $30,000, it has not demonstrated that in this case attorneys' fees *would* exceed $30,000 by a legal certainty. Because it appears that the Court lacks subject matter jurisdiction, as the amount in controversy does not exceed $75,000 and the plaintiffs have brought no federal question action, the strong presumption against removal jurisdiction requires remand to the Superior Court. Therefore, plaintiff's motion for remand is GRANTED.

## CONCLUSION

Plaintiffs' Motion To Remand [Dkt. #10] to Kitsap County Superior Court is GRANTED.

IT IS SO ORDERED.

Dated this 6th day of June, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE